In the Matter of Eli A. EMMETT, Debtor.

James B. McCRACKEN, Trustee Plaintiff,

v.

Eli A. EMMETT, Defendant.

Bankruptcy No. 81–00782–BKC–SMW.
Adv. Proc. No. 81–0470–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

Dec. 10, 1981.

Howard S. Gaines, Fort Lauderdale, Fla., for debtor.

Chad P. Pugatch, Fort Lauderdale, Fla., for trustee.

James B. McCracken, Fort Lauderdale, Fla., for trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE coming on to be heard upon an Adversary Proceeding pursuant to Part 7 of the Interim Bankruptcy Rules and 11 *U.S.C.* § 727, objecting to the Discharge of the Debtor, ELI A. EMMETT, and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel; and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The Debtor, ELI A. EMMETT, with his wife, who passed away in October of 1978, was the owner of certain real property described as follows:

The Condominium Parcel known as Building 7, Unit 1 of RAMBLEWOOD EAST, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 5583, Pages 581 through 687 and pursuant to Survey, Plot Plan and Graphic Description of Improvements attached thereto.

as well as a Certificate of Deposit in the approximate amount of TWENTY THOUSAND DOLLARS AND NO/100 ($20,-000.00) issued through First Federal Savings & Loan Association of Broward County.

In December of 1978, the Debtor, who had become the sole owner of the aforesaid

property by right of survivorship, transferred to his daughter, SHERRY EMMETT, without consideration an interest in the aforesaid real property as joint tenant with right of survivorship. The Debtor, also subsequent to the death of his wife, made his daughter, SHERRY EMMETT, a joint tenant with right of survivorship in the First Federal Savings & Loan Association's Certificate of Deposit. The said Certificate of Deposit was pledged to the Bank of Coral Springs for an indebtedness owed by the Debtor, ELI A. EMMETT, in January of 1979.

The Debtor, ELI A. EMMETT, within one (1) year before the date of the filing of the Voluntary Petition herein, then transferred his remaining one-half (½) interest in the above-described real property to his daughter, SHERRY EMMETT, and, as well, permitted her to withdraw the sum of TWENTY THOUSAND DOLLARS AND NO/100 ($20,000.00) from the aforesaid savings certificate at First Federal Savings & Loan Association, retaining TEN THOUSAND DOLLARS AND NO/100 ($10,000.00) of the proceeds himself, and allowing his daughter, SHERRY EMMETT, to retain TEN THOUSAND DOLLARS AND NO/100 ($10,000.00) of the proceeds.

The Court finds that the aforesaid transfers of property were made without consideration, and with the requisite intent to hinder, delay, or defraud creditors of the estate and thus constitute grounds for the denial of the discharge of the debtor pursuant to 11 *U.S.C.* § 727(a)(2)(A). See, also, re *Laughlin*, 7 B.R. 924, 3 CBC 2nd 552 (BCWD Mo.1981); re *Cadarette*, 601 F.2d 648 (2nd Cir. 1979); re *Gurney*, 71 F.2d 144 (2nd Cir. 1934); re *Woods*, 71 F.2d 270 (2nd Cir. N.Y. 1934), *cert. denied*, 293 U.S. 601, 55 S.Ct. 117, 79 L.Ed. 693; re *Derrick*, 228, F.Supp. 964 (D.C.Ark., 1964).

The Debtor, both in his Rule 205 Examination taken by Order of this Court on August 6, 1981, and at trial, refused to explain his disposition of the TEN THOUSAND DOLLARS AND NO/100 ($10,000.00) of proceeds received within the year preceding the filing of his voluntary petition through the aforesaid Certificate of Deposit. After stating that the money was paid to family and friends, he stated in his Rule 205 Examination that the money was "squandered". The Debtor maintained no records of the disposition of these funds. The Court finds that the actions of the Debtor in failing to explain this loss of substantial assets, failure to testify or respond to material questions, and failure to keep or preserve recorded information concerning the above transactions, to constitute grounds for denial of the discharge of the debtor pursuant to 11 *U.S.C.* §§ 727(a)(3), (5) and (6)(C).

Finally, from the testimony of the Debtor, it is apparent that the Debtor failed to reveal the existence of certain assets in his schedules, including a piece of real property owned by the Debtor in Palatka, Florida, and as well intentionally failed to schedule certain creditors. The Debtor failed to reflect in his Statement of Affairs any transfers of property within one (1) year of the filing of the Petition, including the transfer of real and personal property described above. The Court concludes that this intentional failure to schedule information constitutes a false oath or account in connection with the case and is grounds for denial of discharge pursuant to 11 *U.S.C.* § 727(a)(4)(A).

Each of the foregoing actions of the Debtor, in and of itself, is sufficient to warrant the denial of the Debtor's discharge. The Debtor's actions, as described above, have severely hindered the creditors and the trustee in the administration and collection of assets in this estate. On all of the foregoing grounds, the Court finds that the discharge of the debtor should be denied pursuant to 11 *U.S.C.* § 727. A Final Judgment will be entered in accordance with these Findings and Conclusions.